# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARIA T. RODRIGUEZ, an individual, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:15-cv-00594-GMN-CWH |
| vs. ) | |
| ) | **ORDER** |
| STATION CASINOS, LLC, a domestic ) | |
| business entity d/b/a/ BOULDER STATION ) | |
| CASINO, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pending before the Court is a civil action filed by Plaintiff Maria T. Rodriguez ("Plaintiff") against Defendant Station Casinos, LLC ("Defendant").   Defendant filed a Motion to Dismiss (ECF No. 6).  Plaintiff filed a Response (ECF No. 10), and Defendant filed a Reply (ECF No. 11).

## I.    LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## II.   DISCUSSION

Plaintiff asserts five causes of action: (1) tortious discharge, (2) negligent training and supervision, (3) national origin, race, color, and sex discrimination under Title VII, (4) age discrimination under 29 U.S.C. § 623, and (5) violation of Nevada Revised Statute § 613.330. (Compl. ECF No. 1).  However, Plaintiff's Complaint fails to allege a sufficient factual basis to support any of her claims.

Plaintiff alleges she was a Hispanic female and over 40 years old at the time her employment with Defendant was terminated. (Compl. ¶¶ 10, 14, 39, ECF No. 1).  Plaintiff also alleges she was "disciplined" while other similarly situated co-workers not of her protected class were not disciplined, she was denied a "plum guard position," and when she informed her employer of this preferential treatment, no corrective action was taken. (*Id.* ¶¶ 14, 16, 21).  She further claims she "has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to her as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, [and] indignity[.]" (*Id.* ¶ 22).

These allegations alone, however, are factually insufficient to satisfy the pleading requirements under *Twombly* and *Iqbal*.  After stating her race and age, the remainder of Plaintiff's Complaint consists of nothing more than legal conclusions, broad generalities, and recitations of the elements of her claims.  *Twombly*, 550 U.S. at 555 ("Rule 12(b)(6) . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").  Therefore, Plaintiff does not provide fair notice of a legally cognizable claim and the grounds on which it rests.  Accordingly, Plaintiff's Complaint is dismissed, but because the factual deficiencies in Plaintiff's Complaint may be able to be cured by amendment, this dismissal is without prejudice.

## III.  <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 6) is **GRANTED.**  All of Plaintiff's claims are dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall have twenty-one days from the date of this Order to file an amended complaint correcting the deficiencies identified in this Order.  Failure to file an amended complaint by this date may result in dismissal of the case with prejudice.

**DATED** this <u>12th</u> day of November, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge